**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS E. PEREZ, SECRETARY OF | : | |
| LABOR, UNITED STATES | : | |
| DEPARTMENT OF LABOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-CV-4427 |
| A. KENNETH BELANGER, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Joyner, J.                                                    May 9, 2017

Before the Court are Defendants' Partial Motion to Dismiss (Doc. No. 7), Plaintiff's Response in Opposition thereto (Doc. No. 11), and Defendants' Reply in Further Support thereof (Doc. No. 12). For the reasons below, Defendants' Motion is DENIED.

## I.  Facts[1]

Plaintiff brings this ERISA[2] action against Belanger and Company, Inc. ("the Company"), as well as the Company's president A. Kenneth Belanger ("K. Belanger") and vice president Jo-Ann I. Belanger (together with the Company and K. Belanger,

---

[1] The facts are taken from Plaintiff's Complaint. (Doc. No. 1). In line with the standards governing Fed. R. Civ. P. 12(b)(6), all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

[2] The Employee Retirement Income Security Act, 29 U.S.C. § 1001.

"Defendants"), in connection with alleged violations of fiduciary duties in administering and managing eight employee benefit plans over which the Defendants exercised control and authority regarding the management and disposition of their assets. For purposes of this partial motion to dismiss, the only relevant plans are (1) the Edward P. Shamy, Jr. 401(k) Plan ("Shamy Plan"); (2) the Bleach and Associates Plan ("Bleach Plan"); (3) the Advanced Telecommunications 401(k) Plan ("ATI Plan"); and (4) the Fabricated Alloy, Inc. 401(k) Profit Sharing Plan ("Faballoy Plan").

In 2009, the employer that sponsored the Shamy Plan decided to cease having the company perform most administrative services for the Shamy Plan and directed the Company to transfer its plan assets to a new service provider. The Company and K. Belanger did not transfer all of the Shamy Plan assets and instead left approximately $30,000 in the Shamy Plan account that it managed. In 2011, the Company and K. Belanger transferred the remaining money in the Shamy Plan account to the Company's corporate bank account.

The Bleach Plan was apparently terminated sometime in 2005. Years later, however, some Bleach Plan assets remained in the Bleach Plan account controlled by the Company. In November 2010, all remaining assets in the Bleach Plan's account were also transferred to the Company's corporate bank account.

Finally, Plaintiff also alleges that K. Belanger prepared the Internal Revenue Service ("IRS") Form 5500 for the ATI Plan, the Shamy Plan, and the Faballoy Plan, which the Company was required to do in order to comply with annual reporting requirements under ERISA. During the time alleged in the complaint (January 1, 2010 to the date of filing), however, the Company and K. Belanger allegedly did not disclose the full fees that it charged on the IRS Form 5500.

By its complaint, Plaintiff seeks equitable relief in the form of a court order which, *inter alia*, requires the Defendants to restore the losses caused by their fiduciary breaches, removes them as fiduciaries of any employee benefit plans, and permanently enjoins them from acting in any fiduciary capacity with respect to employee benefit plans subject to ERISA.

For purposes of the present Motion, the Defendants do not dispute that the alleged facts, if proven, would amount to violations of their fiduciary duties. Instead, Defendants argue that certain allegations on the face of Plaintiff's complaint reveal that several of Plaintiff's claims are barred by ERISA's six-year statute of limitations, ERISA § 413(1), 29 U.S.C. § 1113(1).

## II. Standard

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint if the plaintiff has failed to "state a claim

3

on which relief can be granted."  In evaluating a motion to
dismiss, the court must take all well-pleaded factual allegations
as true, but it is not required to blindly accept "a legal
conclusion couched as a factual allegation."  Papasan v. Allain,
478 U.S. 265, 286 (1986).  Although a plaintiff is not required
to plead detailed factual allegations, the complaint must include
enough facts to "raise a right to relief above the speculative
level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III.  Discussion

Defendants' sole argument in favor of dismissal is that the
statute of limitations has run on some of Plaintiff's claims, and
that we should, therefore, dismiss those claims from Plaintiff's
Complaint.[3]  Although a statute of limitations is an affirmative
defense, courts have allowed defendants to assert affirmative
defenses such as the statute of limitations by way of a motion to
dismiss.  Davis v. Grusemeyer, 996 F.2d 617, 623 (3d Cir. 1993).
This is generally only permissible when the affirmative defense
appears on the face of the complaint.  ALA, Inc. v. CCAIR, Inc.,
29 F.3d 855, 859 (3d Cir. 1994).  When facts or matters outside
of the complaint are necessary to establish the affirmative

---

[3] The parties disagree about whether ERISA § 413(1) is a statute
of limitations (Plaintiff's position) or a statute of repose
(Defendants' position).  We agree with Plaintiff that the difference
is irrelevant for purposes of the present Motion.  (Doc. No. 11, at 5
n.1).  Without deciding the issue, we will refer to ERISA § 413(1) as
a statute of limitations.

defense, raising it under Rule 12(b)(6) is usually not permitted. See Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657 (3d Cir. 2003).

As an initial matter, the relevant dates are all included on the face of Plaintiff's Complaint.  The applicability of ERISA's statute of limitations is, therefore, appropriately before this Court on a 12(b)(6) motion.

ERISA § 413, 29 U.S.C. § 1113, limits the time when a breach of duty claim may be brought against a fiduciary.  It provides as follows:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of–
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.  "This section thus creates a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge of the breach, and potentially extended to six years from the date of discovery in cases involving fraud or concealment."  Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 201 (3d Cir. 2006) (citation omitted).  Since

5

the complaint in this case was filed in August 2016, under the general six-year statute of limitations, August 2010 is the last date on which a breach could have occurred that could serve as a basis for the complaint.  See id.

**(A) Shamy Plan**

Defendants argue that the statute of limitations was triggered in 2009 when the Company and K. Belanger transferred some portion of the Shamy Plan's assets to the new plan administrator, leaving approximately $30,000 in the Shamy Plan account, because this is the date on which an alleged breach of fiduciary duty was complete.  Plaintiff responds that the Defendants' 2011 transfer of money from the Shamy Plan's account to the Company's corporate account was a separate act from the failure to fully transfer the Shamy Plan's assets to a new plan administrator.  In its opposition, Plaintiff makes clear that its claim is for the 2011 transfer only, which it characterizes as a "subsequent, different breach of ERISA."  (Doc. No. 11, at 9). Plaintiff proceeds to explicitly disclaim any request for relief for any earlier violations with regard to the Shamy Plan.  Id.

The dispute essentially turns then on whether the 2011 transfer is a self-contained breach of a fiduciary duty or whether it is instead an extension of a fiduciary breach that had already been completed two years prior.  According to Plaintiff, the 2011 transfer of leftover Shamy Plan assets to the Company's

corporate bank account by itself constitutes a prohibited transaction under ERISA §§ 406(a)(1)(D), 406(b)(1) and 406(b)(2), 29 U.S.C. §§ 1106(a)(1)(D), 1106(b)(1), and 1106(b)(2).[4]  (Doc. No. 11, at 9).

ERISA § 406(a)(1)(D) prohibits a fiduciary from causing an employee benefits plan to engage in a transaction "if he knows or should know that such transaction constitutes a direct or indirect . . . transfer to, or use by or for the benefit of a party in interest, or any assets of the plan . . . ."  29 U.S.C. § 1106(a)(1)(D).  Defendants are parties in interest as to the Shamy Plan, see 29 U.S.C. § 1002(14)(A), and Plaintiff alleges that in 2011 the Defendants transferred assets of the Shamy Plan to the Company's corporate bank account for the Defendants' use or benefit.  Plaintiff's allegations regarding the 2011 transaction thus appear to state a cognizable stand-alone claim under ERISA § 406(a)(1)(D) that is not time-barred by the six-year statute of limitations.

ERISA § 406(b)(1) prohibits a fiduciary from dealing with the assets of the plan in his own interest or for his own account, 29 U.S.C. § 1106(b)(1), and ERISA § 406(b)(2) prohibits a fiduciary from acting in any transaction involving the plan on

---

[4] Plaintiff further demonstrates that its allegations limited to the 2011 transfer also state a claim under ERISA §§ 404(a)(1)(A) and 404(a)(1)(B), 29 U.S.C. §§ 1104(a)(1)(A) and 1104(a)(1)(B).  (Doc. No. 11, at 11-12).

behalf of a party whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, 29 U.S.C. § 1106(b)(2).  Plaintiff argues that the 2011 transfer of Shamy Plan assets to the Company's corporate bank account is a classic example of self-dealing as prohibited by § 406(b)(1).  It further argues that the same transfer also violates § 406(b)(2) because the Defendants were on both sides of that transfer.  We agree that Plaintiff appears to have stated cognizable claims under ERISA §§ 406(b)(1) and 406(b)(2) on the basis of Defendants' alleged conduct occurring within the limitations period.

Defendants, meanwhile, cannot explain why the 2011 transfer may not be treated as its own prohibited transaction for purposes of ERISA.  Relying on Ranke, 436 F.3d at 202-03, Defendants characterize the 2011 transfer as a "mere continuation[]" of the prohibited transactions that occurred outside the limitations period.  (Doc. No. 7-2, at 12).  But Ranke did not involve a prohibited transaction analogous to the Defendants' alleged transfer of Shamy Plan funds to their own corporate account.  In Ranke, the Third Circuit considered and rejected the appellants' argument that "the date of the last action," 29 U.S.C. § 1113(1)(A), is the last date on which a beneficiary makes important financial and general life choices in reliance upon representations of the fiduciary that occurred outside the

8

limitations period.  <u>Ranke</u>, 436 F.3d at 201.  Because the complaint in that case alleged no misrepresentations occurring inside the limitations period that were "independent of and not mere continuations of the initial misrepresentations," the claim was appropriately dismissed as time-barred.  <u>Id.</u> at 203.  In this case, by contrast, Plaintiff's claim is tethered to conduct occurring inside the limitations period only, and indeed Plaintiff has disclaimed any reliance on any earlier wrongdoing which might violate other ERISA provisions.

Defendants also cite <u>Williams v. Webb Law Firm, P.C.</u>, 628 Fed. Appx. 836, 838 (3d Cir. 2015), but that case too turned on whether "mere continuations of [an] initial misrepresentation" extend the date of last action.  Beyond analogizing to continuing misrepresentations, Defendants offer no support for their contention—which is, essentially, that "the failure to properly terminate a plan followed by a subsequent taking of the plan's remaining assets is one action subject to one statute of limitations."  (Doc. No. 11, at 14).  It is perhaps even more unclear why, if the transfer to Defendants' bank account is indeed a continuation of the prior alleged wrongdoing, that transfer would not itself be the date of the last action for ERISA purposes, thus bringing additional possible claims within the limitations period.

Viewing the facts in Plaintiff's Complaint in the light most

favorable to Plaintiff, as we must, we hold that Plaintiff's
claims with regard to the Shamy Act are not barred by the statute
of limitations.

**(B) Bleach Plan**

The Bleach Plan was terminated by its sponsor in or around
2005.  As of November 2010, however, there were remaining assets
in the Bleach Plan account.  That month, which is clearly within
the six-year limitations period, the Defendants transferred all
remaining assets to the Company's corporate bank account.

The parties' arguments regarding the Bleach Plan mostly
track their arguments regarding the Shamy Plan, which we have
already decided in favor of Plaintiff.  Defendants advance only
one argument peculiar to the Bleach Plan that they do not advance
with respect to the Shamy Plan.  We address that argument here.

Citing Laskin v. Siegel, 728 F.3d 731 (7th Cir. 2013),
Defendants argue that the date of the last action which
constituted a part of the breach or violation is the date that
the employee benefits plan was terminated.  (Doc. No. 7-1, at 15-
16).  Laskin does not support Defendants' argument.  In that
case, the parties did not dispute that the last act or omission
was the termination of the pension plan, which was indisputably
outside the limitations period.  See Laskin, 728 F.3d at 733-35.
There was, moreover, no allegation of any subsequent independent
ERISA violation that occurred within the limitations period.  See

10

id. At issue instead was whether ERISA's fraudulent concealment exception applied. Holding that it did not, the Seventh Circuit affirmed the district court's grant of summary judgment on statute of limitations grounds.

In this case, Plaintiff does not attempt to avail itself of the fraudulent concealment exception to rescue its claim from the statute of limitations. It argues rather that the alleged ERISA violation occurred *within* the limitations period. For the same reasons discussed above with regard to the Shamy Plan, we decline at this time to dismiss Plaintiff's claims based on the Bleach Plan. Viewing the facts alleged in Plaintiff's complaint in the light most favorable to Plaintiff, we hold that Plaintiff's Bleach Plan claims are not barred by ERISA's statute of limitations.

**(C) IRS Form 5500 Fee Disclosure Claims**

Finally, Defendants argue that allegations regarding their failure to disclose the full fees charged on the ATI Plan, the Shamy Plan, and the Fallaboy Plan on the IRS Form 5500 are time-barred because the first set of alleged misrepresentations occurred in July 2010, outside the limitations period. (Doc. No. 7-2, at 16-17). The IRS Form 5500 is a form that was jointly developed by the IRS, the Department of Labor, and Pension Benefit Guaranty Corporation to satisfy annual reporting

11

requirements under ERISA and the Internal Revenue Code.[5]

According to Defendants, each subsequent failure to accurately disclose fees on the IRS Form 5500 is a mere continuation of the initial 2010 violation. Plaintiff responds that the Defendants committed a separate ERISA violation each year, each offense triggering its own individual ERISA limitations period. Plaintiff points out that administrative expenses can vary from year to year, which belies the notion that a misrepresentation regarding fees made one year is necessarily equivalent to misrepresentations made in a subsequent year.

Defendants' argument that past misrepresentations outside the limitations period insulates it from liability for later misrepresentations inside the limitations period makes little sense, and indeed Defendants seem to have abandoned this argument in their reply to Plaintiff's opposition. (Doc. No. 12). As above, we decline to dismiss these claims at this time. For purposes of this present Motion, Plaintiff's claims regarding misrepresentations on annual reports filed in August 2010 or later are not barred by ERISA's statute of limitations.

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion is denied. An appropriate Order follows.

---

[5] See Internal Revenue Service, Form 5500 Corner, https://www.irs.gov/retirement-plans/form-5500-corner (last visited May 3, 2017).